# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| The Cleaning Authority, LLC, | ) | Civil No. 0:10-CV-02343-JRT/SRN |
| Plaintiff, | ) | |
| vs. | ) | |
| Michele Smith, Joe Weiss, and Yodega Corporation, | ) | |
| Defendants; | ) | |
| and | ) | |
| Michele Smith, | ) | **MANDATORY AND PROHIBITIVE PRELIMINARY INJUNCTION** |
| Counterclaimant, | ) | |
| vs. | ) | |
| The Cleaning Authority, LLC, Steve Robinson, Tim Evankovich, Allen Thrift, and John Does 1-99, | ) | |
| Counterclaim Defendants. | ) | |
| and | ) | |
| The Cleaning Authority, LLC, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| Michael Leahy, | ) | |
| Defendant. | ) | |

This matter is before the Court on November 1, 2010, as a motion of plaintiff and defendants for the entry of a stipulated preliminary injunction. William L. Killion of the firm Faegre & Benson LLP appeared on behalf of plaintiff. John Holland of the firm of Dady and Gardner, P.A. appeared on behalf of defendants Smith, Weiss, and Yodega Corporation. Clarence J. Kuhn of The Kuhn Law Firm appeared on behalf of defendant Leahy.

The Court held a motion hearing on October 26, 2010, to discuss with counsel for the parties the scheduling of a hearing on plaintiff's motion for a temporary restraining order. (The original named plaintiff, The Cleaning Authority, Inc., has been merged with and into The Cleaning Authority, LLC, a Maryland limited liability company, thus making The Cleaning Authority, LLC the real party in interest. The caption of this action is hereby modified to reflect The Cleaning Authority, LLC, (hereafter "TCA") as the named plaintiff.)

At the October 26 motion hearing, the Court scheduled the hearing on plaintiff's motion for a temporary restraining order for November 1, 2010, beginning at 9:00 a.m. On the afternoon of October 29, 2010, counsel for the parties informed the Court that their clients had reached agreement on the form of preliminary injunction that they wished the Court to enter. Counsel advised the Court that they would present the proposed order to the Court prior to the November 1, 2010, hearing and would be prepared to address the order with the Court at the hearing.

The parties have now presented their proposed form of preliminary injunction. The Court, having considered the form of preliminary injunction and finding cause for the entry of a preliminary injunction in the form proposed by counsel for the parties,

IT IS ORDERED that defendants Michele Smith, Joseph Weiss, Yodega Corporation and Michael Leahy (collectively, the "Defendants"), and their officers, agents, servants, employees and attorneys, and all other persons who are in active concert or participation with the foregoing parties who receive notice of this injunction (collectively, with Defendants, "the Parties Hereby Bound") are preliminarily enjoined from, and ordered to do, the following:

1.     The Parties Hereby Bound are enjoined from violating in any way the in-term covenant not to compete set forth at paragraph 22.1 of the July 21, 2005, franchise agreement (the "Franchise Agreement") between defendant Smith and TCA. Specifically, the Parties Hereby Bound shall not, directly or indirectly, for themselves or for any other person or entity, alone or through or on behalf of others, own, engage in, be employed by, advise, assist, lease or sublease to, invest in, franchise, lend money to, sell or lease the assets of the Franchised Business to, or have any financial or other interest in, any residential or commercial property cleaning business within the United States, including without limitation, any carpet cleaning, window cleaning, or furniture cleaning business, other than Smith as a TCA franchisee under the Franchise Agreement.

2.     Defendant Weiss (individually and on behalf of Commercial Green Clean Corporation, or "CGC") and defendant Leahy have agreed to sign a separate non-competition and non-disclosure agreement whereby they will be bound to the provisions of paragraph 22.1 of the Franchise Agreement, and the Court orders these defendants to do so at the earliest practical time.  By stipulation of counsel, defendant Yodega Corporation is the alter ego of defendant Smith, and defendant Yodega is bound to comply with the provision of the Franchise Agreement and this Preliminary Injunction the same as defendant Smith.

3. The Parties Hereby Bound shall immediately stop conducting business under the name of "Residential Green Clean," "Commercial Green Clean," or any other name that provides cleaning services to customers and shall take all steps reasonably necessary to transition customers serviced by "Residential Green Clean," "Commercial Green Clean," or any other named business to the TCA franchised business operated by defendant Smith pursuant to and in accordance with the Franchise Agreement (the "TCA Franchised Business"), as set forth more fully below.

4. Defendants Weiss and Leahy shall keep confidential all Confidential Information (as defined in the Franchise Agreement), which they received or to which they otherwise have or had access during the course of their employment or other provision of services to defendant Smith's TCA Franchised Business, in the same manner as if they were direct parties and signatories to the Franchise Agreement. Defendant Weiss (individually and on behalf of CGC) and defendant Leahy each have agreed to sign the current form of employee Non-Competition and Confidentiality Agreement set forth in the TCA Manual Suite, and the Court orders these defendants to do so at the earliest practical time.

5. Defendant Weiss may collect accounts receivables owing from customers that have been serviced by Residential Green Clean or CGC, but defendant Smith will pay fees to TCA on all such collections in accordance with the terms of the Franchise Agreement.

6. Defendants shall transfer all information for prospective, current and former cleaning customers of defendants ("commercial" or "residential") into TCA.net, including all prospective, current and former customers of Commercial Green Clean, Residential Green Clean, and any other business through which Defendants or any one of them offer or provide (directly or indirectly) cleaning services.

7. Defendants shall transfer all current and former employee information into TCA.net, including Social Security numbers. For purposes of this Order, the term "employee" means anyone providing services to any of the Defendants.

8. The Parties Hereby Bound are enjoined from using or causing employees to perform services for anyone other than for defendant Smith's TCA Franchised Business..

9. Defendants shall transfer all prospective, current, and former customer accounts and information ("commercial" and "residential") to the TCA Franchised Business. Defendants and TCA will contact all such customers to advise them of the transfer. Defendants will exercise all possible effort and diligence, as may be requested by TCA, to assure that such customers become and remain customers of the TCA Franchised Business.

10. Defendants shall remove from the premises of the TCA Franchised Business, and from the assets used in the franchised business (e.g., shirts, automobiles, advertisements, and so forth), all signage for all non-TCA businesses and shall replace all TCA signage that they have removed, with the exception of signage on defendant Smith's PT Cruiser.

11. Defendants immediately shall cease use of all non-TCA advertisements (including brochures, business cards, letterhead and other written materials) and shall notify all vendors and publishers to cease further publication of all non-TCA advertisements.

12. Defendants shall redirect all hits to [www.residentialgreenclean.com](www.residentialgreenclean.com), to TCA and assign the domain to TCA at TCA's expense.

13. Defendants shall allow TCA to be present and observe the transfer of all customer and employee information from the MaidEasy software or other sources into TCA.net as described above.

14. TCA shall have the right to monitor in person Defendants' compliance with the terms of this preliminary injunction, which monitoring TCA shall do at its own expense. Defendants shall coordinate with TCA the timing of their undertaking of their obligations under this Preliminary Injunction so that TCA may be present personally at the time of compliance.

15. Defendant Smith shall, until further order of the Court, continue operating the Franchised Business in strict compliance with the Franchise Agreement and engage in no conduct that may deprive TCA of its ability to secure defendant Smith's compliance with her post-term obligations under the Franchise Agreement.

16. Defendant Smith shall process all ESG payroll activities by using exclusively the functionality for doing so provided within TCA.net.

17. Defendant Smith shall use exclusively TCA.net in the operation of the Franchised Business and shall not use any other program that does anything that is duplicative of TCA.net (e.g., "MaidEasy Software").

18. Defendants shall cause all telephone number(s) owned by, used by, or promoted as having any association with "Residential Green Clean," "Commercial Green Clean," and any other named business(es) through which Defendants or any one of them (directly or indirectly) offer or provide cleaning services, to be directed to the TCA Call Center in Columbia, Maryland, and shall assign all such telephone number(s) to TCA at TCA's expense. The terms of this Paragraph 18 apply to all such telephone number(s), whether such numbers belong to a cellular telephone, land line, or otherwise.

19. Defendants shall provide TCA with bank statements, credit card statements and all other financial reports (e.g., Quickbooks) dated between January 1, 2009, and the date

of this Order, which relate to Residential Green Clean, Commercial Green Clean, and any other named business(es) through which Defendants or any one of them (directly or indirectly) offer or provide cleaning services.

20. Defendants shall coordinate the above action with TCA so that TCA may monitor compliance as it occurs.

21. By stipulation of the parties, TCA is not required to post a bond as a condition to the entry of this Preliminary Injunction.

Dated: November 1, 2010
at Minneapolis, Minnesota

    s/John R. Tunheim
    JOHN R. TUNHEIM
    United States District Judge